**FILED**
**U.S. District Court**
**District of Kansas**
06/15/2026
**Clerk, U.S. District Court**
By: SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

   **Plaintiff,**

   v.                                              CASE NO.  26-3137-JWL

JEFF ZMUDA,  et al.,

   **Defendants.**


**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  The Court grants Plaintiff's motion for leave to proceed in forma pauperis.  Plaintiff submitted his original complaint (Doc. 1) purporting to bring this action "on behalf of the inmates of the Kansas Department of Corrections." (Doc. 1, at 1.)  Plaintiff resubmitted his complaint on the Court-approved form, and his current Complaint lists him as the sole plaintiff.  (Doc. 4, at 1.)

Plaintiff claims that "all mentioned Defendants" are exploiting inmates' banking accounts. *Id*. at 3.  Plaintiff claims that the new Athena system is "double charging the inmates for 'phone time purchase, tablet time purchases,' . . . [and] giving inmates (Ghost money) money that appears to be available for use of commissary items, then when the inmates use the money, the system penalizes the inmate by placement of a debt obligation, stating that the inmate owes restitution."

1

*Id*. at 3–4.  Plaintiff claims that Warden Williams has stated that "the grievance procedure cannot fix this issue."  *Id*. at 4.

As Count I, Plaintiff alleges a due process violation based on Defendants stealing inmates' money from family "and doing what they want with the funds."  *Id*. at 5.  Plaintiff claims they are double charging inmates for phone time and tablet time, and not putting money on the accounts.  *Id*.

As Count II, Plaintiff claims "conspiracy, embezzlement."  *Id*.  For his factual support, Plaintiff states "freezing inmates' accounts, double charging inmates for all transaction, displaying false bank balances, erasing available funds, putting false money on inmates' accounts then when they spend money they penalize the inmates."  *Id*.

As Count III, Plaintiff states "denying access to the courts inlou [sic] of property claim procedures."  *Id*. at 6.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court

2

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Property Claims

Plaintiff claims that inmates' accounts are not being properly administered.  Plaintiff speaks in general terms and gives no details regarding an actual accounting malfunction for his own account.  The Court finds that it would be futile to allow Plaintiff to amend to set forth examples of how he was deprived of funds in his account, because deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. *See Salzar v. Whisker*, 804 F. App'x 1007 (10th Cir. 2020) (unpublished) (affirming dismissal of due process claim regarding plaintiff's inability to access information from his former inmate account where there is an adequate state post-deprivation remedy for unauthorized deprivations of prisoner's property); *see also Hutchinson v. Prudhomme*, 79 F. App'x 54 (5th Cir. 2003) (dismissing appeal as frivolous where plaintiff argued that prison personnel mishandled and embezzled funds deposited in his inmate account, finding that plaintiff failed to establish a due process violation because there was an adequate post-deprivation remedy for property loss in state court).

A due process claim will arise only if there is no such procedure or it is inadequate.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dep't of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").  Kansas prisoners have an adequate state post-deprivation remedy.  *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).  Because an adequate, state post-deprivation remedy exists, Plaintiff must show good cause why any property claim should not be dismissed for failure to state a claim.

### 2.  Conspiracy/Embezzlement

Plaintiff's bald allegation of a conspiracy is insufficient to state a claim.  Plaintiff fails to assert factual allegations in support of his claims.  To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).  A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.*  Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone.  Such conclusory allegations fail to state a plausible claim for relief.

Plaintiff also fails to provide factual support for an embezzlement claim.  If Plaintiff is attempting to assert a claim under a criminal statute, "criminal statutes do not give rise to a private cause of action."  *Smithback v. Smithback*, 2019 WL 4164801, at *1 (D. Kan. 2019) (citation omitted); *see also* Kansas Criminal Code, Article 58, Crimes Involving Property; *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus,

the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor."). Plaintiff should show good cause why his claim in Count II should not be dismissed for failure to state a claim.

### 3. Court Access

As Count III, Plaintiff states "denying access to the courts inlou [sic] of property claim procedures," but fails to provide any factual support. Plaintiff has not indicated how he has been denied court access. In order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and

incarceration." *Id*. (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff has not alleged that he has been prevented from accessing the courts or that he suffered an actual injury. The claim is not plausible, particularly in light of his filings in this Court. Plaintiff was able to file the instant case, including the complaint, the complaint on the Court-approved form, and three motions. Plaintiff also has at least four other actions pending in this Court. *See Cheatham v. Dedeke*, Case No. 22-3132-TC (D. Kan.) (on appeal); *Cheatham v. Howes*, Case No. 25-3091-JWL (D. Kan.); *Cheatham v. Easley*, Case No 25-3241-JWL (D. Kan.); *Cheatham v. Easley*, Case No. 25-3218-JWL (D. Kan.); *see also Cheatham v. Gilkerson*, Case No. 25-3253-JWL (D. Kan.) (closed January 6, 2026). Plaintiff has been warned about his excessive filings. *See Cheatham v. Easley*, Case No. 25-3241-JWL, Doc. 37, at 9–10 (D. Kan. June 4, 2026) (stating that "Plaintiff continues to submit excessive filings despite the Court's orders in this case and Plaintiff's other pending cases" and "[i]f Plaintiff continues to disregard the Court's orders, the Court may consider filing restrictions"). Plaintiff should show good cause why his court access claim should not be dismissed for failure to state a claim.

### 4. Standing

Another problem with Plaintiff's Complaint is that he makes numerous allegations about experiences of other inmates and claims on behalf of the inmate population in general. It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations

7

contained in his Complaint indicates he lacks standing to do so.  To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury."  *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993).  "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983.  *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch.  *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)).  Such claims should be dismissed for lack of prudential standing.  *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management").

Furthermore, Plaintiff cannot represent a class.  Plaintiff's caption of his original complaint suggests that  he was attempting to bring this action in his own name, as well as on behalf all KDOC inmates.  Plaintiff's Complaint on the Court-approved form lists him as the sole plaintiff.

A case cannot proceed as a class action with any pro se plaintiff as class representative.  "A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class."  *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)).  "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class."  *Id*. (citation omitted).  The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*,

213 F.3d 1320 (10th Cir. 2000), concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321(citation omitted). Thus, a pro se plaintiff cannot adequately represent a class. As set forth below, Plaintiff's motions seeking appointment of counsel are being denied.

## IV. Motions for Appointment of Counsel

Plaintiff has filed two motions seeking appointment of counsel. (Docs. 2, 6.) Plaintiff asks the Court to appoint counsel "in this class action." The Court has considered Plaintiff's motions for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted

[the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Furthermore, the Court has found that this case is subject to dismissal. Plaintiff's motions are denied.

## V.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 5) is **granted**. Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of Plaintiff shall forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel (Docs. 2, 6) are **denied.**

10

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 6, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiffs' Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated June 15, 2026, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**