**FILED**
**U.S. District Court**
**District of Kansas**
07/17/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

      **Plaintiff,**

      v.

JEFF ZMUDA, et al.,

      **Defendants.**

CASE NO.  26-3137-JWL

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  The Court granted Plaintiff leave to proceed in forma pauperis.  Plaintiff submitted his original complaint (Doc. 1) purporting to bring this action "on behalf of the inmates of the Kansas Department of Corrections."  (Doc. 1, at 1.)  Plaintiff resubmitted his complaint on the Court-approved form, and his current Complaint lists him as the sole plaintiff.  (Doc. 4, at 1.)  On June 15, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's response (Doc. 9).  The Court's screening standards are set forth in the MOSC.

Plaintiff claims that "all mentioned Defendants" are exploiting inmates' banking accounts. (Doc. 4, at 3.)  Plaintiff claims that the new Athena system is "double charging the inmates for 'phone time purchase, tablet time purchases,' . . . [and] giving inmates (Ghost money) money that appears to be available for use of commissary items, then when the inmates use the money, the system penalizes the inmate by placement of a debt obligation, stating that the inmate owes

1

restitution." *Id*. at 3–4.  Plaintiff claims that Warden Williams has stated that "the grievance procedure cannot fix this issue." *Id*. at 4.

The Court noted in the MOSC that although Plaintiff's caption of his original complaint suggests that  he was attempting to bring this action in his own name, as well as on behalf all KDOC inmates, his Complaint on the Court-approved form lists him as the sole plaintiff.  Plaintiff filed a response to the MOSC.  (Doc. 9.)  In his response, Plaintiff states that he intended to invoke jurisdiction under 28 U.S.C. § 1332(d), which relates to class actions.  *Id*. at 1.  However, the Court found in the MOSC that Plaintiff lacks standing to bring claims on behalf of other inmates, and Plaintiff cannot represent a class.

## I.  Count I

As Count I, Plaintiff alleges a due process violation based on Defendants stealing inmates' money from family "and doing what they want with the funds."  (Doc. 4, at 5.)  Plaintiff claims they are double charging inmates for phone time and tablet time, and not putting money on the accounts. *Id*.

Plaintiff claims that inmates' accounts are not being properly administered.  The Court found in the MOSC that Plaintiff speaks in general terms and gives no details regarding an actual accounting malfunction for his own account.  The Court found that it would be futile to allow Plaintiff to amend to set forth examples of how he was deprived of funds in his account, because deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. *See Salzar v. Whisker*, 804 F. App'x 1007 (10th Cir. 2020) (unpublished) (affirming dismissal of due process claim regarding plaintiff's inability to access information from his former inmate account where there is an adequate state post-deprivation remedy for unauthorized deprivations of prisoner's property); *see also Hutchinson v. Prudhomme*, 79 F. App'x 54 (5th Cir.

2003) (dismissing appeal as frivolous where plaintiff argued that prison personnel mishandled and embezzled funds deposited in his inmate account, finding that plaintiff failed to establish a due process violation because there was an adequate post-deprivation remedy for property loss in state court).

A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dep't of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (unpublished) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Because an adequate, state post-deprivation remedy exists, the Court ordered Plaintiff to show good cause why any property claim should not be dismissed for failure to state a claim.

In his response, Plaintiff reasserts his argument that he was allowed to purchase things at the commissary because "ghost funds" appeared on his inmate account when those funds were not actually available. (Doc. 9, at 2.) Plaintiff claims that he does not have the information to be able to properly respond at this time, and requests oral argument "to articulate to the courts the issue with Plaintiff's account if Plaintiff isn't making it clear for the courts in this response." *Id*.

Plaintiff claims that there are no other remedies available "due to Administration saying stop filing grievances because we cannot fix the issue." *Id*. at 3. Plaintiff then claims that he cannot pursue postdeprivation remedies because of the requirement to first exhaust his administrative remedies, and "administrative remedies isn't applicable due to this issue being a

3

systematic issue with a technology created to govern the inmates' accounts." *Id*. (cleaned up).  He

claims he cannot bring an action in state court without first showing exhaustion of remedies.  *Id*.

He claims the current property claim procedure is inadequate because the administration cannot

locate his claim and he is forced to start the process over.  *Id*.

Plaintiff has failed to show that a postdeprivation remedy is unavailable.  Although he

claims his property claim was misplaced and he had to file a new one, nothing in his response

suggests he is unable to do so.  His argument that he cannot pursue a postdeprivation remedy in

state court due to a lack of access to administrative remedies is without merit.

In any civil action brought in Kansas state court "against a correctional facility in Kansas,

an inmate is required to exhaust all available administrative remedies established by regulation

before seeking redress in a Kansas court."  *Laubach v. Roberts*, 90 P.3d 961, 966–67 (Kan. App.

2004) (citing   K.S.A. 75–52,138).   "The applicable regulations governing the administrative

grievance process are K.A.R. 44–15–101 *et seq.*"  *Id*.

In *Sawyer v. Green*, the Tenth Circuit found that the plaintiff had an adequate

postdeprivation remedy for his claim that jail officials placed erroneous transactions on his jail

account.  *Sawyer*, 316 F. App'x at 716.  The Tenth Circuit held that:

> Sawyer failed to allege that meaningful postdeprivation remedy was
> unavailable. In fact, the record contains a copy of his grievance filed
> in July 2007, challenging transactions concerning his financial
> account at the jail. And even if the grievance was indeed ignored,
> Sawyer could seek relief in state courts. *See* Kan. Stat. Ann. § 75–
> 52,138 (requiring inmates to exhaust available administrative
> remedies before filing a civil action against the State of Kansas).
> Adequate postdeprivation remedy thus existed to redress the alleged
> intentional deprivation of Sawyer's jail funds. His claim therefore
> fails.

*Id*. at 717.  Therefore, a plaintiff is only required to exhaust available administrative remedies and

the lack of a response to a grievance, or being required to submit another property claim form,

4

does not render the postdeprivation remedy unavailable.  Plaintiff's due process claim in Count I is dismissed for failure to state a claim.

## II.  Count II

As Count II, Plaintiff claims "conspiracy, embezzlement." (Doc. 4, at 5.)  For his factual support, Plaintiff states "freezing inmates' accounts, double charging inmates for all transaction, displaying false bank balances, erasing available funds, putting false money on inmates' accounts then when they spend money they penalize the inmates." *Id*.

The Court found that Plaintiff's bald allegation of a conspiracy is insufficient to state a claim.  The Court also found that Plaintiff failed to provide factual support for an embezzlement claim, noting that if Plaintiff is attempting to assert a claim under a criminal statute, "criminal statutes do not give rise to a private cause of action." *Smithback v. Smithback*, 2019 WL 4164801, at *1 (D. Kan. 2019) (citation omitted); *see also* Kansas Criminal Code, Article 58, Crimes Involving Property; *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor.").

The Court ordered Plaintiff to show good cause why his claims in Count II should not be dismissed for failure to state a claim. In his response, Plaintiff requests dismissal of his embezzlement/conspiracy claim.  (Doc. 9, at 5.)  Plaintiff claims in Count II are dismissed for failure to state a claim.

## III. Count III

As Count III, Plaintiff states "denying access to the courts inlou [sic] of property claim procedures." (Doc. 4, at 6.)  The Court found in the MOSC that Plaintiff failed to provide any

factual support for this claim and failed to indicate how he has been denied court access.  In order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions."  *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim.  *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim."  *Lewis*, 518 at 354.  Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement."  *Id.* at 355.  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

The Court found in the MOSC that Plaintiff has not alleged that he has been prevented from accessing the courts or that he suffered an actual injury.  The claim is not plausible,

particularly in light of his filings in this Court. Plaintiff was able to file the instant case, including the complaint, the complaint on the Court-approved form, three motions, and his response to the MOSC. Plaintiff also had at least four other actions pending in this Court. *See Cheatham v. Dedeke*, Case No. 22-3132-TC (D. Kan.) (on appeal); *Cheatham v. Howes*, Case No. 25-3091-JWL (D. Kan.); *Cheatham v. Easley*, Case No 25-3241-JWL (D. Kan.); *Cheatham v. Easley*, Case No. 25-3218-JWL (D. Kan.); *Cheatham v. Gilkerson*, Case No. 25-3253-JWL (D. Kan.) (closed January 6, 2026). Plaintiff has been warned about his excessive filings. *See Cheatham v. Easley*, Case No. 25-3241-JWL, Doc. 37, at 9–10 (D. Kan. June 4, 2026) (stating that "Plaintiff continues to submit excessive filings despite the Court's orders in this case and Plaintiff's other pending cases" and "[i]f Plaintiff continues to disregard the Court's orders, the Court may consider filing restrictions"). The Court ordered Plaintiff to show good cause why his court access claim should not be dismissed for failure to state a claim.

Plaintiff claims in his response that he cannot provide an adequate response because "at this time there is no law library tablet available in the segregation cellhouse where Plaintiff is being housed." (Doc. 9, at 1.) Plaintiff has failed to show how the lack of a tablet prevented him from adequately responding to the MOSC. The MOSC set forth the deficiencies in his Complaint, and he has responded to those deficiencies.

Plaintiff then suggests that he is being denied court access because he is required to submit a certified bank statement "in this case and others pending," and the administration refuses to provide a bank statement. *Id*. at 4. Plaintiff claims that this denies him court access because he "cannot move forward without it." *Id*.

Plaintiff's argument is without merit. The Court granted Plaintiff leave to proceed in forma pauperis in this case and he was clearly allowed to "move forward" in this case. *See* Doc. 8, at 10.

7

Plaintiff was likewise granted leave to proceed in forma pauperis in his other cases. *See Cheatham v. Dedeke*, Case No. 22-3132-TC (D. Kan.) (on appeal) (motion for leave to proceed in forma pauperis granted at Doc. 4, Defendants' motion for summary judgment granted at Doc. 364 on March 31, 2026, and the case has been pending for over four years); *Cheatham v. Howes*, Case No. 25-3091-JWL (D. Kan.) (motion for leave to proceed in forma pauperis granted at Doc. 3, and Defendant's motion for summary judgment granted at Doc. 108 after the case proceeded for over a year); *Cheatham v. Easley*, Case No 25-3241-JWL (D. Kan.) (motion for leave to proceed in forma pauperis granted at Doc. 3, and case remains pending); *Cheatham v. Easley*, Case No. 25-3218-JWL (D. Kan.) (motion for leave to proceed in forma pauperis granted at Doc. 8, and case remains pending); *Cheatham v. Gilkerson*, Case No. 25-3253-JWL (D. Kan.) (motion for leave to proceed in forma pauperis granted at Doc. 3, and dismissed for failure to state a claim on January 6, 2026). Plaintiff has failed to show an injury for purposes of his court access claim and the claim is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated July 17, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**